**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOLORES ANDONG NGUEMA ALENE,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-07355-JLT-FJS<br>A-Number: 220-963-992<br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT<br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Dolores Andong Nguema Alene's request for a temporary restraining order (Doc. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges her ongoing detention. (Doc. 1.) For the reasons set forth below, the Court **DENIES** the habeas petition.[1]

## II. BACKGROUND

Petitioner is a citizen of Equatorial Guinea who first entered the United States in December 2024, on a B2 nonimmigrant visitor visa with authorization to remain in the United States until no later than June 10, 2025. (Doc. 1 at ¶ 21; Doc. 8-1 at 2-3.) Petitioner failed to

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Considering this and given that the parties had notice and opportunity to respond, the Court decides this case on the underlying petition.

depart by that deadline as required. (*Id.*) Petitioner has no criminal history in the United States and has not offered any evidence of any pending applications for relief from removal. (*Id.*) On April 1, 2026, Homeland Security Investigations ("HSI") received a collateral request from HSI headquarters identifying Petitioner as a possible B2 Visa overstay believed to be living in the Las Vegas, Nevada area. (Doc. 8-1 at 2.) On August 13, 2026, Petitioner was encountered and arrested by ICE in Las Vegas, Nevada. (Doc. 1 at ¶ 21; Doc. 8-1 at 2-3.) Petitioner alleges that ICE did not present a properly executed warrant for her arrest before proceeding with her arrest and detention. (Doc. 1 at ¶¶ 21-22.) The following day, August 14, 2026, Petitioner was served with a Notice to Appear, charging her as removable pursuant to INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (Doc. 8-1 at 5-7.) Respondent produced a copy of a Warrant for Arrest of Alien (I-200), dated August 14, 2026, authorizing Petitioner's arrest based on "the execution of a charging document to initiate removal proceedings against the subject" and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (Doc. 9.) Petitioner was also served with a Notice of Custody Determination, in which she requested review by an immigration judge of her custody determination under section 236 of the Immigration and Nationality Act. (Doc. 8-1 at 8.) DHS filed the Notice of Custody Determination with the Executive Office for Immigration Review (EOIR), which calendared a custody redetermination hearing for August 26, 2026. (Doc. 8-2 at 1.) EOIR rescheduled the bond hearing to September 8, 2026, at which time the immigration judge denied bond on flight-risk grounds. (*Id.* at 2-3.) Petitioner reserved appeal but did not timely file a custody appeal with the Board of Immigration Appeals ("BIA"). (Doc. 8 at 2.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at ¶ 1.)

On September 11, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that (1) her warrantless arrest without probable cause violated 8 U.S.C. § 1357(a)(2), § 1226(a), and the Fourth Amendment, and (2) her detention without pre-

deprivation hearing before a neutral decision maker violated her due process rights. (*See* Doc. 1.) Petitioner requests immediate release. (*Id.*) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is properly detained under 8 U.S.C. § 1226(a) after overstaying her nonimmigrant visa and that she failed to exhaust his administrative remedies by not appealing to the BIA. (Doc. 8 at 1.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Respondents argue that Petitioner failed to exhaust her administrative remedies before bringing this action because Petitioner has not appealed her custody redetermination pursuant to 8 C.F.R. § 1236 to the BIA. (Doc. 8 at 4.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings

would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

Here, Petitioner explicitly does not challenge the outcome of the bond hearing or ask the Court to review the immigration judge's flight risk assessment in either her petition or her reply. (Doc. 10 at 4.) Instead, Petitioner asserts that the September 8, 2026, post-arrest custody proceeding did not automatically extinguish her constitutional claim arising from her unlawful arrest or detention. (*Id*. at 2.) As such, the Court waives the prudential exhaustion requirement as to Petitioner's claims challenging the constitutionality of her arrest and her continued detention under 8 U.S.C. § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). The Court turns to Petitioner's claims that her warrantless arrest and subsequent detention under 8 U.S.C. § 1226(a) violated her constitutional rights.

**B. Warrantless Arrest**

Petitioner claims that her warrantless arrest and subsequent detention by ICE officers on August 13, 2026, violated her constitutional rights under 8 U.S.C. § 1226(a) and § 1357(a)(2), and the Fourth Amendment. (Doc. 1 at ¶¶ 23 – 36.) Petitioner argues that the appropriate remedy for such violations is immediate release. (Doc. 1 at 9.)

The Court first addresses whether Respondents failed to comply with the warrant requirement of § 1226(a) or its implementing regulations. The plain language of § 1226(a) provides that a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General ... pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); *see Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).... As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a).") (emphasis in original). The Immigration and Nationality Act's implementing regulations further provide: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody under the authority of a Form I-200,

Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1) (emphasis added). Taken together, absent an exception, an administrative warrant must be issued prior to a noncitizen's arrest and it must be issued contemporaneously with, or after a Notice to Appear initiating removal proceedings against the noncitizen.

Respondents do not dispute that they did not possess a warrant at the time of Petitioner's arrest, but argue that DHS possessed authority under 8 U.S.C. § 1357(a)(2) to arrest Petitioner without a warrant. (Doc. 8 at 3.) Under the warrantless arrest exception, the government may arrest a noncitizen if an officer has reason to believe the noncitizen is in the country unlawfully and is likely to escape before a warrant can be obtained. 8 U.S.C. § 1357(a)(2). Section 1357(a)(2)'s " 'reason to believe' requirement is the equivalent of 'the constitutional requirement of probable cause.' " *M-J-M-A-v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) (quoting *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)). If an arrest is made under this exception, the noncitizen "shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine [noncitizens] as to their right to enter or remain in the United States." *Id.* (emphasis added). The noncitizen shall also be placed in formal removal proceedings and must be advised of the reason for their arrest and right to representation. 8 C.F.R. § 287.3(c). Absent exigent circumstances, an initial custody determination and a decision to issue a warrant and Notice to Appear must occur within 48 hours of the arrest. 8 C.F.R. § 287.3(d). In other words, "[w]hen arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)).

On its face, the government complied with these statutory and regulatory requirements. On August 14, 2026 – the day after Petitioner was arrested – Petitioner was issued a Warrant for Arrest of Alien (I-200), a Notice to Appear, and a Notice of Custody Determination. However, Petitioner argues that her detention was nevertheless unlawful because Respondents failed to

"identify the facts known to the arresting officers at the relevant time that satisfied the statutory prerequisites for dispensing with a warrant." (Doc. 10 at 6.) Petitioner points to evidence in Petitioner's Form I-213 that DHS did not consider Petitioner a flight risk, specifically the fact that DHS was aware that Petitioner overstayed her visa as early as April 1, 2026, and elected not to obtain a warrant in the 134 days preceding her arrest. (Doc. 1 at ¶ 22; Doc. 10 at 6-7.) The only argument proffered by Respondents that Petitioner was "likely to escape before a warrant can be obtained" was that she overstayed a B-2 visa, had not applied for relief, and the IJ found flight risk." (Doc. 8 at 3.) Even assuming, that the government failed to comply with the statutory or regulatory requirements governing the initiation of Petitioner's custody, Petitioner has not shown that release from custody is an appropriate remedy.[2] *See Marcelino v. LaRose*, Case No.: 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *2–3 (S.D. Cal. July 30, 2026) (declining to order immediate release and ordering a bond hearing even after assuming the government failed to comply with warrant requirement); *Gonzalez-Ramos v. Mullin*, Case No.: 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026) (holding a bond hearing was the appropriate remedy for the petitioner's allegedly warrantless detention).

### C. Remedy

Petitioner is charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any

---

[2] Petitioner's Fourth Amendment claim fails on similar grounds. Petitioner claims that Respondents violated her Fourth Amendment rights because she was not presented with a signed warrant before or upon her arrest and that "no articulable facts have been identified giving rise to individualized suspicion as to the Petitioner." (Doc. 1 at ¶¶ 31, 36.) The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. This protection also extends to noncitizens. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (noting that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). Respondents are correct that the remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence, not release from custody. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040-41 (1984); *see also Reyes v. Hermosilla*, No. C25-2525, 2026 WL 528692, at *2 (W.D. Wash. Jan. 15, 2026) ("The remedy for an unlawful arrest in violation of the Fourth Amendment is suppression of evidence, not release from custody."), *report & recommendation adopted*, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026); *see United States v. Garcia*, 974 F.3d 1071, 1075 (9th Cir. 2020) ("The typical remedy for a Fourth Amendment violation is the exclusion of evidence discovered as a result of that violation ...."). Petitioner attempts to distinguish this case from *Lopez-Mendoza*, arguing that she is seeking relief from allegedly unlawful physical custody through habeas corpus and is not moving to suppress her identity or terminate her removal proceedings because of an unlawful arrest. However, Petitioner fails to demonstrate why her present detention is unlawful or why immediate release is the appropriate remedy in this case.

alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and his detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 8 at 1.) Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Here, as evidenced by the I-200 Administrative Warrant and Notice to Appear issued the day after Petitioner's arrest, the Government has made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending the execution of a charging document to initial removal proceedings. (*See* Doc. 9-2.) That regulation provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks immediate release. However, given that Petitioner overstayed her visa, Petitioner is only entitled to the relief afforded by applicable regulations.

As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). In *German*

*U. v. Chestnut*, No. 1:26-CV-05200-JLT-EGC (HC), 2026 WL 2350009 (E.D. Cal. Aug. 13, 2026), this Court found that immediate release was not appropriate where the Petitioner overstayed a visa because the circumstances were materially indistinguishable from other cases in which this Court has granted bond hearings to individuals who have resided in the United States for various periods of time without ever interacting with immigration officials prior to their challenged detention. *German U.*, 2026 WL 2350009 at *1. Like the Petitioner in *German U.*, Petitioner appears to have never been encountered by immigration officials before her August 13, 2026 arrest, and therefore had never been formally evaluated for danger or flight. As such, only habeas relief Petitioner would be entitled to is a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1).

Given that Petitioner has received a bond hearing where an immigration judge denied bond on an individualized finding of flight risk, Petitioner has already received the statutory relief to which she is entitled pursuant to § 1226(a) and under this Court's prior precedent. *Caycho Machazek v. Warden of Cent. Valley Annex Det. Facility*, No. 1:26-CV-07109-JLT-HBK, 2026 WL 2740680 (E.D. Cal. Sept. 16, 2026); *Lopes De Almeida v. Chestnut*, No. 1:26-CV-04822-JLT-EGC, 2026 WL 2607703 (E.D. Cal. Sept. 3, 2026); *Mekideche v. Warden, California City Det. Facility*, No. 1:26-CV-06624-JLT-EGC, 2026 WL 2547038 (E.D. Cal. Aug. 28, 2026). As to Petitioner's claim that her detention without pre-deprivation hearing before a neutral decision maker violated her due process rights, Petitioner argues that the post-hoc bond hearing does not cure the antecedent violation of her due process rights. (Doc. 10 at 9.) Again, the only remedy Petitioner would be entitled to would be a § 1226(a) bond hearing, which she has already received. Because Petitioner has not identified a basis for the Court to order her immediate release or a second bond hearing pursuant to the Due Process Clause,[3] the Court finds

---

[3] Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). Relying on the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 703 (2001), the Ninth Circuit has concluded that the government's detention authority under 8 U.S.C. § 1226(a) is "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero*, 534 F.3d at 1063 (citation modified). In *Zadvydas*, the Supreme Court also stated that a six-month period of detention is presumptively reasonable. 533 U.S. at 701. Here, Petitioner's current detention is presumptively reasonable because he has only been detained for two months. Accordingly, Petitioner's continued

that Petitioner has not demonstrated a basis for habeas relief. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
2. The request for a temporary restraining order (Doc. 2) is **DENIED AS MOOT**.
3. The Clerk of Court is directed to enter judgment for Respondents and close this case.

IT IS SO ORDERED.

Dated: October 14, 2026

UNITED STATES DISTRICT JUDGE

---

detention under 8 U.S.C. § 1226(a) is constitutional.